**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHIGAN IMMIGRANT RIGHTS CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5:16-cv-14192 |
| v. | ) ) | HON. John Corbett O'Meara |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | Mag. Judge Elizabeth A. Stafford |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER

Defendants United States Department of Homeland Security ("DHS") and United States Customs and Border Protection ("CBP") (collectively, "Defendants") through their undersigned counsel, hereby answer Plaintiffs' Complaint and set forth affirmative defenses as follows.

1. This paragraph contains Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, denied.

2. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 U.S.C. § 1357(a)(3), the statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the statute, this paragraph is denied.

3. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 C.F.R. § 287.1(b), the regulation speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the regulation, this paragraph is denied. The balance of this paragraph consists of irrelevant factual assertions, to which no response is required.

1

4. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

5. The allegations in this paragraph consist of irrelevant speculation, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

6. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

7. Defendants admit that Plaintiffs submitted a FOIA Request to CBP dated May 21, 2015 (the "FOIA request"), and that a copy of the FOIA request is attached to Plaintiffs' Complaint as Exhibit A. Exhibit A speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with Exhibit A, this paragraph is denied.

8. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, this paragraph is denied.

9. Defendants admit that they provided an initial release of documents in response to part of Plaintiffs' FOIA request (the "Produced Documents"), and that those documents were properly redacted in accordance with applicable FOIA exemptions. The balance of this paragraph consists of Plaintiffs' characterization of their Complaint and irrelevant factual assertions to which no response is required and which do not set forth a claim for relief or aver facts in support of a claim to which an answer is required; however, to the extent a response is deemed necessary, denied.

10. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Moreover, this paragraph purports to characterize the Produced Documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' allegations are inconsistent with the Produced Documents, this paragraph is denied.

11. The allegations in this paragraph consist of irrelevant speculation and Plaintiffs' characterization of this action, to which no response is required. The allegations in this paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

12. This paragraph contains Plaintiffs' characterization of this action, to which no response is required; to the extent a response is deemed necessary, Defendants deny that it states a claim for relief and denies that Plaintiffs are entitled to the relief sought.

13. The allegations in this paragraph consist of Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required.

14. The allegations in this paragraph consist of Plaintiffs' legal conclusions regarding venue, to which no response is required.

15. The allegations in this paragraph consist of Plaintiffs' legal conclusions, to which no response is required.

## PARTIES

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Regarding the first sentence of this paragraph, Defendants admit that DHS is a Department of the Executive Branch of the United States government. The second sentence attempts to characterize 5 U.S.C. § 552(f)(1), which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the statute, the second sentence is denied. Regarding the third sentence, Defendants admit that CBP is a component agency of DHS. The fourth sentence contains a legal conclusion to which no response is required. As to the last sentence, Defendants admit that DHS is headquartered in Washington, D.C.

23. Regarding the first sentence, Defendants admit that CBP is a component agency of DHS. The second sentence attempts to characterize 5 U.S.C. § 552(f)(1), which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the statute, the second sentence is denied. Regarding the third sentence, Defendants admit that CBP is headquartered in Washington, D.C., and that it has field offices

throughout the country. As to the fourth sentence, Defendants admit that Border Patrol is an operational component of CBP and that its mission includes securing the borders of the United States. The last sentence of this paragraph contains a legal conclusion to which no response is required.

### FACTUAL BACKGROUND REGARDING BORDER PATROL OPERATIONS

24. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraphs also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25. This paragraph contains a legal conclusion to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

26. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 U.S.C. § 1357(a)(3), the statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the statute, this paragraph is denied.

27. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 U.S.C. § 1357(a)(3), the statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the statute, this paragraph is denied.

28. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 C.F.R. § 287.1(b), the regulation speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the regulation, this paragraph is denied.

29. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 C.F.R. § 287.1(b), the regulation speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the regulation, this paragraph is denied.

30. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Moreover, based on the copy of the map provided, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about its origins.

31. Plaintiffs' Complaint does not include a Paragraph 31.

32. The allegations in this paragraph consist of irrelevant factual assertions and speculation, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

33. The allegations in this paragraph consist of irrelevant factual assertions and speculation, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

34. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

35. The allegations in this paragraph consist of irrelevant factual assertions and speculation, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

36. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

37. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Allegations in this paragraph also consist of Plaintiffs' citations to, and characterizations of documents obtained through another lawsuit, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' allegations are inconsistent with those documents, this paragraph is denied.

38. The allegations in this paragraph consist of irrelevant factual assertions and conclusions of law, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Allegations in this paragraph also consist of Plaintiffs' citation to and characterization of an agreement from another lawsuit, which speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with that agreement, this paragraph is denied.

39. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

40. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

41. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

42. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Moreover, this paragraph purports to characterize the Produced Documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' allegations are inconsistent with the Produced Documents, this paragraph is denied.

43. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

## PLAINTIFFS' FOIA REQUEST

44. Defendants admit that, by email dated May 21, 2015, Plaintiff ACLU of Michigan sent the FOIA request to cbpfoia@dhs.gov, and that a copy of that email is attached to the Complaint as Exhibit B (the "FOIA Email").

45. Defendants admit that the FOIA Email is date-stamped May 21, 2015, and that CBP received the FOIA Email on or about May 21, 2015.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants admit that CBP received a hard copy of Plaintiffs' FOIA Request, and that the FOIA Request is dated May 21, 2015.

47. The nature of Plaintiffs' request is set forth in the FOIA Request, which is attached as Exhibit A to the Complaint. Exhibit A speaks for itself and is the best evidence of its

content. To the extent Plaintiffs attempt to characterize Exhibit A beyond its four corners, this paragraph is denied. To the extent Plaintiffs attempt to characterize 5 U.S.C. § 552(a)(6)(E) and/or 6 C.F.R. § 5.5(d)(1)(ii), or draw legal conclusions based thereupon, this paragraph contains legal conclusions to which no response is required. Moreover, the statute and regulation speak for themselves and are the best evidence of their content, and to the extent Plaintiffs' allegations are inconsistent with the statute and regulation, this paragraph is denied.

48. The nature of Plaintiffs' request is set forth in the FOIA Request, which is attached as Exhibit A to the Complaint. Exhibit A speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit A beyond its four corners, this paragraph is denied. To the extent Plaintiffs attempt to characterize 5 U.S.C. § 552(a)(4)(A)(iii) and/or 6 C.F.R. § 5.11(k)(1) or draw legal conclusions based thereupon, this paragraph contains legal conclusions to which no response is required. Moreover, the statute and regulation speak for themselves and are the best evidence of their content, and to the extent Plaintiffs' allegations are inconsistent with the statute and regulation, this paragraph is denied.

49. The nature of Plaintiffs' request is set forth in the FOIA Request, which is attached as Exhibit A to the Complaint. Exhibit A speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit A beyond its four corners, this paragraph is denied. To the extent Plaintiffs attempt to characterize 5 U.S.C. § 552(a)(4)(A)(ii)(II) and/or 6 C.F.R. § 5.11(d)(1), (k), or draw legal conclusions based thereupon, this paragraph contains legal conclusions to which no response is required. The statute and regulation speak for themselves and are the best evidence of their content, and to the extent Plaintiffs' allegations are inconsistent with the statute and regulation, this paragraph is denied.

50. Defendants admit that they had not yet responded to the FOIA Request as of July 13, 2015. Defendants also admit that, on or about July 13, 2015, Plaintiffs submitted their FOIA Request online, and that Exhibits C and D to the Complaint appear to be copies of the FOIA Online System submission and the FOIA Online System Receipt.[1]

### PROCESSING OF PLAINTIFFS' FOIA REQUEST

51. Defendants admit that CBPFOIA@cbp.dhs.gov sent an email to Miriam Aukerman on October 6, 2015, which is attached as Exhibit E to the Complaint. Exhibit E speaks for itself, and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit E beyond its four corners, this paragraph is denied.

52. As to the first sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. As to the second sentence, Defendants deny that Exhibit F is a copy of an appeal letter arising from the FOIA request at issue in this case.

53. Defendants admit that CBPFOIA@cbp.dhs.gov sent an email to Miriam Aukerman on October 21, 2015, which is attached as Exhibit G to the Complaint. Exhibit G speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit G beyond its four corners, this paragraph is denied.

54. Defendants admit that Plaintiffs submitted an appeal letter dated November 19, 2015, which was submitted on-line and via certified mail, and that a copy of that letter is attached to the Complaint as Exhibit H. Exhibit H speaks for itself and is the best evidence of its

---

[1] Defendants admit that there are several different tracking numbers related to Plaintiffs' FOIA request, including CBP-2015-036215, and CBP-OBP-2015-036215. Regarding the documents cited in footnote 19 of Plaintiffs' Complaint, which are attached to Plaintiffs' Complaint as Exhibits M-O, those documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs attempt to characterize Exhibits M-O beyond their four corners, this paragraph is denied.

content. To the extent Plaintiffs attempt to characterize Exhibit H beyond its four corners, this paragraph is denied.

55. Defendants admit that Plaintiffs received a letter from the Branch Chief of CBP's FOIA Division, dated January 12, 2016, a copy of which is attached to the Complaint as Exhibit I. Exhibit I speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit I beyond its four corners, this paragraph is denied.

56. Defendants admit that the Produced Documents consist of 4,624 pages, and respond to Section A of Plaintiffs' FOIA request, and that some information from the Produced Documents was properly withheld pursuant to applicable FOIA exemptions. The Produced Documents speak for themselves and are the best evidence of their content. To the extent this paragraph attempts to characterize the Produced Documents beyond their content and/or suggests or implies that information was withheld improperly, this paragraph is denied.

57. Regarding the first sentence, Defendants admit that CBP has not yet produced documents in response to Sections B-D of Plaintiffs' FOIA request. As to the second sentence, Defendants admits that CBP has indicated to Plaintiffs that it would be working on producing documents in response to Sections C and D, and Defendants further aver that CBP has been working to do so since that time. As to the last sentence, Defendants admit that CBP told Plaintiffs that Section B of their FOIA request is unduly burdensome, and suggested a reasonable approach to narrow the request, by producing 1 in 10 of the requested I-213 and I-44 forms, so that CBP could review, redact and produce responsive records in a reasonable amount of time.

58. Defendants admit that CBP did not provide additional information regarding Plaintiffs' request for a fee waiver after October 21, 2015. However, Defendants did provide

11

additional information regarding Plaintiffs' appeal of the denial of expedited processing, *see* Compl., Ex. L, and to the extent this paragraph indicates otherwise, denied.

59. Defendants admit that Plaintiffs sent a letter to CBP's FOIA Appeals Department within the Policy and Litigation Branch, which states that it was sent via Federal Express and First Class Mail, and is dated February 29, 2016, and that a copy of that letter is attached as Exhibit J to the Complaint. Exhibit J speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit J beyond its four corners, this paragraph is denied.[2]

60. Defendants admit that CBP received Plaintiffs' letter of appeal on or about March 9, 2016.

61. Defendants admit that Shari Suzuki sent a letter to Plaintiffs' counsel on May 9, 2016, which stated among other things that CBP was "administratively closing your appeal because CBP's FOIA Division and the Border Patrol are still actively processing their response to the initial FOIA request," and that a copy of that letter is attached to the Complaint as Exhibit K. Exhibit K speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit K beyond its four corners, this paragraph is denied.

62. Defendants admit that Shari Suzuki sent a letter to Miriam Aukerman on September 30, 2016 which "responds to the appeal [Ms. Aukerman] filed," and that a copy of that letter is attached to the Complaint as Exhibit L. Exhibit L speaks for itself and is the best

---

[2] Defendants admit that Plaintiffs sent a letter to CBP's FOIA Officer/Public Liaison and Branch Chief of the FOIA Division, which is dated February 26, 2016 regarding purported "problems with the FOIA Online system," and that a copy of that letter is attached to Plaintiffs' Complaint as Exhibit P. Exhibit P speaks for itself and is the best evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit P beyond its four corners, this paragraph is denied.

evidence of its content. To the extent Plaintiffs attempt to characterize Exhibit L beyond its four corners, this paragraph is denied.

63. Defendants admit that, since CBP released its 4,624-page initial production on January 12, 2016, they have not yet produced additional documents in response to Plaintiffs' FOIA request.

64. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

65. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

66. This paragraph contains conclusions of law, to which no response is required.

## CAUSES OF ACTION

67. Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

68. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

69. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

70. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

71. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

72. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

73. Defendants admit only that they have not granted Plaintiffs' request for a fee waiver. The balance of this paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

74. Defendants admit only that they have not granted Plaintiffs' request for a limitation of fees. The balance of this paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, denied.

## REQUESTED RELIEF

75-78. Defendants deny that Plaintiffs are entitled to the relief requested in their Prayer for Relief, or to any relief whatsoever.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.

## DEFENSES

1. Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiffs are not entitled to compel production of records protected from disclosure by one or more exemptions to the FOIA.

3. Plaintiffs' FOIA request is overbroad and unreasonably burdensome.

DATED this 6th day of February 2017.

                                 Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Emily B. Nestler
EMILY B. NESTLER (DC Bar No. 973886)
Trial Attorney
United States Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 616-8489
Fax: (202) 616-8470
emily.b.nestler@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2017, the foregoing Answer was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Emily B. Nestler

      EMILY B. NESTLER
      Trial Attorney
      United States Department of Justice, Civil Division
      Federal Programs Branch