UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN IMMIGRANT
RIGHTS CENTER, *et al.*,

    Plaintiffs,

v.

    Case No. 16-14192

    Hon. John Corbett O'Meara

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the court is Plaintiffs' motion to deem certain allegations in the complaint admitted or, in the alternative, to take a limited Rule 30(b)(6) deposition. Relying on the parties' full briefing of this matter, the court did not hear oral argument.

## **BACKGROUND FACTS**

Plaintiffs – the Michigan Immigrant Rights Center, Dr. Geoffrey Alan Boyce, Dr. Elizabeth Oglesby, and the American Civil Liberties Union of Michigan – filed this action against the U.S. Departments of Homeland Security and Customs and Border Protection. Plaintiffs allege that Defendants have failed

to properly respond to their Freedom of Information Act request, pursuant to 5 U.S.C. § 522.

In general, Plaintiffs seek records related to the Border Patrol's policies, practices, and procedures regarding apprehensions, detentions, enforcement actions, and complaints. See Compl. at Ex. A (Plaintiffs' FOIA Request). Plaintiffs contend that the Border Patrol treats the entire state of Michigan as a border zone, where persons and vehicles are subject to warrantless searches. See 8 U.S.C. § 1357(a)(3) (authorizing Border Patrol agents to conduct warrantless searches of vehicles "within a reasonable distance from any external boundary of the United States . . . for the purpose of patrolling the border to prevent the illegal entry" of non-citizens); 8 C.F.R. § 287.1(b) ("reasonable distance" from border not more than 100 air miles from international boundary).

Pertinent to this motion, Plaintiffs make the following allegations in their complaint:

> 3. The relevant regulations provide that CBP can determine what a "reasonable distance" is based on local factors, but that the distance shall not be more than 100 air miles from the international boundary. 8 C.F.R. § 287.1(b). That maximum distance is called the "100 mile zone."
>
> 4. In Michigan, CBP has not only set the "reasonable distance" for the entire state at the maximum 100 miles, but also considers the entire state to be within 100 miles of an international boundary, and hence within the "100 mile zone."

> 5. Under this interpretation, CBP agents patrolling the "border" could potentially subject anyone in Michigan – regardless of where he or she is within the state – to warrantless detention and search.
>
> * * *
>
> 30. A map prepared by CBP and obtained by Plaintiffs shows that CBP uses 100 miles as the "reasonable distance" everywhere in the state. The map also shows that CBP considers the entire state of Michigan to be within the 100-mile zone. That map is reproduced below.
>
> * * *
>
> 32. Based on the map, it appears CBP believes that no warrant is needed for Border Patrol agents to detain and search vehicles anywhere in the state.

Compl. at ¶¶ 3-5, 30, 32.

In their answer to these allegations, Defendant responded as follows:

> 3. This paragraph contains a legal conclusion to which no response is required. To the extent Plaintiffs attempt to characterize 8 C.F.R. § 287.1(b), the regulation speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the regulation, this paragraph is denied. The balance of this paragraph consists of irrelevant factual assertions, to which no response is required.
>
> 4. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.
>
> 5. The allegations in this paragraph consist of irrelevant factual assertions, to which no response is required. The allegations in

> this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.
>
> * * *
>
> 30. Defendant admits that CBP prepared a map that appears to be reproduced in Plaintiffs' complaint, which map speaks for itself and is the best evidence of its content. To the extent Plaintiffs' allegations are inconsistent with the map, this paragraph is denied.
>
> * * *
>
> 32. The allegations in this paragraph consist of irrelevant factual assertions and speculation, to which no response is required. The allegations in this paragraph also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

Amended Answer at ¶¶ 3-5, 30, 32.

Plaintiffs argue that the court should deem the allegations in paragraphs 3-5, 30, and 32 of the complaint as admitted because Defendants did not properly deny them. See Fed. R. Civ. P. 8(b)(6). Defendants respond that Plaintiffs' allegations are immaterial to their FOIA claim and should be stricken pursuant to Fed. R. Civ. P. 12(f).

## **LAW AND ANALYSIS**

The Freedom of Information Act requires federal agencies to make records available upon request, unless those records fall into nine listed exemptions. 5 U.S.C. § 552(a), (b). See United States Dept. of Justice v. Tax Analysts, 492 U.S.

136, 150-51 (1989) ("An agency must disclose agency records to any person under § 552(a), 'unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b).'"). The statute provides this court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C.A. § 552(a)(4)(B). "[T]he burden is on the agency to sustain its action." Id. Under FOIA, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989).

"As most challenges to an agency's use of a FOIA exemption involve purely legal questions, district courts typically resolve these cases on summary judgment. To prevail on summary judgment, the government must show that it made a 'good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information' and that any withholding of materials was authorized within a statutory exemption." Rimmer v. Holder, 700 F.3d 246, 255 (6th Cir. 2012).

"Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery." Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 544 (6th Cir. 2001). Generally, the government submits

detailed affidavits and a list of the documents withheld, allowing the court to make a determination whether any statutory exemption applies. Id. "Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." Id.

"If the agency satisfies its burden of establishing that it conducted a reasonable search, the requestor must make a 'showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,' or provide some other evidence why summary judgment is inappropriate. A requestor is not entitled to discovery based on its hope that it might find additional documents or its belief that the agency is withholding information." CareToLive v. Food & Drug Admin., 631 F.3d 336, 345 (6th Cir. 2011). See also World Pub. Co. v. U.S. Dept. of Justice, 672 F.3d 825, 832 (10th Cir. 2012); Wood v. Federal Bureau of Investigation, 432 F.3d 78, 85 (2d Cir. 2005) ("Discovery relating to the agency's . . . exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations.").

With this background regarding FOIA in mind, the court turns to Plaintiffs' request that the court deem certain allegations in its complaint admitted or permit

discovery regarding Defendants' position on those allegations. The allegations at issue fall into the category of background information or an explanation as to why Plaintiffs seek certain documents. Essentially, Plaintiffs want "Defendants to answer and identify where the '100 mile' boundary begins." Pls.' Br. at 1. Because Defendants have not clearly admitted or denied these allegations, Plaintiffs seek to have them deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

For the purposes of Plaintiffs' FOIA action, however, allegations related to where the "100 mile" boundary begins are immaterial. These allegations are not relevant to the issue of whether Defendants conducted a reasonable search and whether any exemptions apply. Indeed, much of the first two-thirds of Plaintiffs' complaint is devoted to background information regarding why Plaintiffs are seeking the records at issue. The purpose behind Plaintiffs' FOIA request is irrelevant, as they are entitled to agency records regardless of the reason for their search. See, e.g., Chiquita Brands Int'l Inc. v. S.E.C., 805 F.3d 289, 294 (D.C. Cir. 2015) ("Government agencies must generally release requested records without regard to the identity or motive of the requestor.").

Further, Plaintiffs' attempt to require Defendants to identify where the "100 mile" boundary begins in its answer to the complaint circumvents FOIA, which requires agencies to provide access to records, not answers to questions. See Lamb

v. I.R.S., 871 F. Supp. 301, 304 (E.D. Mich. 1994) ("FOIA neither requires an agency to answer questions disguised as a FOIA request, or to create documents or opinions in response to an individual's request for information."); Anderson v. U.S. Dep't of Justice, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests."). In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants. Accordingly, the court will consider paragraphs 3, 4, 5, 30, and 32 to be stricken from Plaintiffs' complaint. See Fed. R. Civ. P. 12(f) ("The court may [on its own] strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."); L & L Gold Assocs., Inc. v. Am. Cash for Gold, LLC, 2009 WL 1658108, at *2 (E.D. Mich. June 10, 2009) ("To prevail on a motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant.'"); Wiggins v. Philip Morris, Inc., 853 F. Supp. 457, 457 (D.D.C. 1994) ("Generally, motions to strike are disfavored by federal courts. However, if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted.").

# ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to deem certain allegations in the complaint admitted or to take a limited Fed. R. Civ. P. 30(b)(6) deposition is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date: June 8, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 8, 2017, using the ECF system.

s/William Barkholz<br>Case Manager