UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN IMMIGRANT RIGHTS
CENTER, et al.,

    Plaintiffs,                                               Case No. 16-14192

vs.                                                       HON. MARK A. GOLDSMITH

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.
_____/

**OPINION & ORDER**
**DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR AN INTERIM AWARD OF ATTORNEY FEES AND COSTS (Dkt. 62)**

This matter is before the Court on Plaintiffs Michigan Immigrant Rights Center, Dr. Geoffrey Alan Boyce, Dr. Elizabeth Oglesby, and American Civil Liberties Union of Michigan's joint motion for an interim award of attorney fees and costs incurred through March 25, 2019 (Dkt. 62). This matter has been fully briefed. Because oral argument will not assist in the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons discussed below, the Court finds that an award of interim fees is premature and, therefore, denies without prejudice Plaintiffs' motion.

## I. BACKGROUND

On May 21, 2015, Plaintiffs submitted to Defendants United States Department of Homeland Security and United States Customs and Border Protection a request for four categories of documents—referred to as Categories A, B, C, and D documents—under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. 5/21/15 FOIA Request, Ex. A to Compl. (Dkt. 1-2).

1

Although Defendants began producing some Category A documents in January 2016, see 1/12/16 Initial Response Letter, Ex. 6 to Defs. Mot for Summ. J. (Dkt. 28-8), Plaintiffs initiated the present action on November 30, 2016, alleging that Defendants violated their obligations under FOIA by withholding the disclosable records requested, Am. Compl. ¶¶ 77-79 (Dkt. 22). Among other forms of relief, Plaintiffs sought an injunction requiring Defendants to disclose the requested records. Id. ¶ 85. On May 10, 2017, Plaintiffs filed a second FOIA request seeking the same four categories of documents created over a more recent timeframe. 5/10/17 FOIA Request, Ex. Q to Am. Compl. (Dkt. 22-18). Plaintiffs amended their complaint on July 28, 2017 to reflect this second FOIA request. See Am. Compl. ¶ 13.

Following the initiation of the litigation, the parties have largely negotiated Defendants' production and redaction of the documents requested by Plaintiffs. For example, Defendants produced Category B, C, and D documents responsive to the first FOIA request in March through May of 2017. Joint Discovery Plan at 3-5 (Dkt. 21). The parties agreed to a joint discovery plan setting forth production deadlines in July 2017 for Category A documents responsive to the second FOIA request. Id. at 8-9. In early 2018 the parties filed cross-motions for partial summary judgment disputing Defendants' redaction of certain information from its productions. Defs. Mot. for Partial Summ. J. (Dkt. 28); Pls. Mot. for Partial Summ. J. (Dkt. 32). However, the parties later resolved this dispute and arrived at an agreement regarding Defendants' production of all the remaining categories of documents responsive to both FOIA requests. See 9/7/18 Stipulated Order (Dkt. 41).

In September 2018, the parties disputed the timeline over which Defendants were to produce remaining Category C and D documents. 9/28/18 Joint Prod. Schedule Status Report (Dkt. 46). The Court ultimately resolved this dispute in an order requiring production of the

remaining Category A and B documents by December 31, 2018, and setting forth a rolling production schedule for the remaining Category C and D documents at a significantly more accelerated pace than that proposed by Defendants.  See 11/26/18 Order (Dkt. 52).  On January 17, 2019, the Court granted Defendants' motion to stay production deadlines in light of the government shutdown.  1/17/19 Order (Dkt. 56).  However, on March 25, 2019, the Court issued a revised production schedule for the Category C and D documents requiring a final production to be made no later than December 11, 2019.  3/25/19 Order (Dkt. 60).

On April 1, 2019, Plaintiffs filed their present motion seeking an award of interim attorney fees and costs incurred through March 25, 2019.  Pls. Mot. at 19 (Dkt. 62).  Thus, Plaintiffs seek to recover fees and costs through the time the Court ordered production of Category A and B documents by a fixed date and ordered an accelerated production schedule for Category C and D documents.

## II. DISCUSSION

Under FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  Courts determining whether to award attorney fees apply a two-part test evaluating whether (1) the plaintiff substantially prevailed such that he is eligible for an award and (2) the plaintiff is entitled to an award based upon a balancing of equitable considerations.  GMRI, Inc. v. Equal Emp't Opportunity Comm'n, 149 F.3d 449, 451 (6th Cir. 1998).  With respect to the first part of the test, a plaintiff "substantially prevails" if relief is obtained through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E).  With respect to the second part of the test, courts evaluate

the following three equitable factors: "'[1] the benefit to the public deriving from the case; [2] the commercial benefit to the complainant and the nature of its interest in the records; and [3] whether the agency's withholding [of the records] had a reasonable basis in law.'" GMRI, 149 F.3d at 452 (quoting Detroit Free Press, Inc. v. Dep't of Justice, 73 F.3d 93, 98 (6th Cir. 1996)).

A court, in its discretion, may award interim attorney fees to a party who has substantially prevailed in an action brought under FOIA. Clemente v. Fed. Bureau of Investigation, 166 F. Supp. 3d 11, 13 (D.D.C. 2015), aff'd 867 F.3d 111 (D.C. Cir. 2017). Nevertheless, many courts have held that an interim award of fees should be dissuaded in all but the most exceptional cases involving protracted litigation and financial hardship. Allen v. Fed. Bureau of Investigations, 716 F. Supp. 667, 672 (D.D.C. 1988); see also Biberman v. Fed. Bureau of Investigation, 496 F. Supp. 263, 265 (S.D.N.Y. 1980) (holding that interim fees should be awarded "only in those cases in which it is necessary to the continuance of litigation which has proven to be meritorious at the time of the application"). Courts frequently evaluate the following "Powell factors" to determine whether an award of fees is warranted:

> First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel . . . . Second, the court should consider whether there is unreasonable delay on the government's part . . . . Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded.

Powell v. U.S. Dep't of Justice, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983). Courts have also considered whether evaluating a party's entitlement to interim fees will result in a duplication of effort in later evaluating entitlement to a final award of fees. See Allen, 716 F. Supp. at 672; Powell, 569 F. Supp. at 1196.

In the present case, the Powell factors do not support an interim award of fees. First, Plaintiffs have not demonstrated that a failure to award fees would impose a financial hardship or

result in an inability to continue the litigation. To the contrary, on December 10, 2018, Plaintiffs stipulated that "any briefing as to attorneys' fees would be premature at this juncture" and that "the Court should withhold judgment on the question until after any disputes with respect to the remaining categories of documents have been litigated." Joint Statement at 2 (Dkt. 53). Thus, the first factor weighs against awarding interim fees.

Second, Defendants initially sought to delay the proceedings by suggesting a protracted production schedule extending over thirty-seven months. 9/28/18 Joint Production Schedule Status Report at 12. More recently, they sought to extend the production schedule due to their own carelessness in needlessly reviewing documents that were not producible, thereby having to extend the timeframe for producing the remaining documents that were producible. Defs. Mot. to Extend (Dkt. 73). The second factor weighs in favor of awarding interim fees.

Third, this case has been pending for three years—which is not a protracted duration in comparison to other FOIA cases in which interim fees have been denied. See, e.g., Clemente, 166 F. Supp. 3d at 15 (declining to award interim fees although the litigation had been pending for seven years); Allen, 716 F. Supp. at 672 (same). The third factor, therefore, weighs against awarding interim fees.

Fourth, and most significantly, this case is near its conclusion, as the Court has ordered Defendants to make a final production no later than February 14, 2020. 1/2/20 Order (Dkt. 76). A motion seeking a final award of attorney fees and costs may be filed shortly thereafter. Because the goal line is in sight, there is less urgency for an interim decision, and the fourth factor weighs against awarding interim fees.

Fifth, in determining whether a plaintiff is entitled to an award of attorney fees and costs in a FOIA action, "district courts are directed to take into consideration the overall degree of a

plaintiff's success . . . ." Hensley v. Eckerhart, 461 U.S. 424, 452 (1983) (emphasis added). At the present stage of the litigation, a determination of Plaintiffs' overall success would be premature. Deferring this evaluation would permit the Court to consider more comprehensively—against the backdrop of the entire litigation—the significance of the ultimate relief obtained by Plaintiffs.

Finally, the parties' disputes with respect to Plaintiffs' entitlement to certain fees would likely resurface with respect to a motion for a final award of fees. Rather than make such determinations in piecemeal fashion, the Court elects to reserve ruling on these issues until the conclusion of the litigation.

On the whole, therefore, these considerations weigh against granting Plaintiffs' motion for interim fees.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' joint motion for an interim award of attorney fees and costs (Dkt. 62) is denied without prejudice.

SO ORDERED.

January 8, 2020
s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE